# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSEPH ALEXANDER SLEDGE,

                  Plaintiff,

     v.

ROBERT HARKLESS, et al.,

                  Defendants.

Case No. 3:25-cv-00099-SLG

---

JOSEPH ALEXANDER SLEDGE,

                  Plaintiff,

     v.

CORRECTIONAL OFFICER
BUTTONS, et al.,

                  Defendants.

Case No. 3:25-cv-00100-SLG

---

JOSEPH ALEXANDER SLEDGE,

                  Plaintiff,

     v.

ANCHORAGE POLICE
DEPARTMENT, et al.,

                  Defendants.

Case No. 3:25-cv-00131-SLG

## SCREENING ORDER

Pending before the Court are the three above-captioned cases filed by self-represented prisoner Joseph Alexander Sledge ("Plaintiff"). Upon review, the three cases have similar deficiencies and contain overlapping claims and related factual

allegations. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Liberally construed, Plaintiff may be attempting to allege that he was assaulted during his arrest and assaulted again while incarcerated,[1] and he may be attempting to challenge the conditions of his confinement and the validity of his state and federal court convictions.[2]

Plaintiff has also filed two declarations.[3] In addition, he has filed motions to compel witnesses, to issue a subpoena, and for the return of documents.[4] For relief, Plaintiff seeks damages in varying amounts, punitive damages, a cease-and-desist order, and a declaration of innocence.[5]

For the reasons discussed in this order, each of Plaintiff's Complaints fails to adequately state a claim for which relief may be granted. Therefore, the Complaint in each of the above-captioned cases is DISMISSED. Plaintiff is accorded **60 days** to file an amended complaint in each case that attempts to correct the deficiencies identified in this order. An amended complaint must be

---

[1] Docket 1 at 3, Case 99.

[2] Docket 1 at 4–5, Case 100.

[3] Docket 4, Cases 99, 100.

[4] Docket 5, Cases 100, 131.

[5] Docket 1 at 8, Cases 99, 100, 131.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 2 of 22

legible. Further, each unrelated claim that involve different defendants must be brought in a separate lawsuit. Each amended complaint must allege a specific injury as a result of the conduct of one or more defendants, and it must allege an affirmative link between that specific injury and the conduct of each defendant.[6] Alternatively, Plaintiff may file a notice of voluntarily dismissal in each case that he elects to close.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[6] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 3 of 22

the plaintiff, and resolve all doubts in the plaintiff's favor.[9]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11]  Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]  Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

---

[9]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell*, 266 F.3d at 988, (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims"), *amended by* 275 F.3d 1187 (2001).

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 4 of 22

Case 3:25-cv-00100-SLG     Document 9     Filed 10/21/25     Page 4 of 22

## DISCUSSION

Plaintiff's Complaints appear to allege violations of his rights relating to his arrests and incarceration. In Case 99, he alleges that the Anchorage Police Department and FBI agents "kidnapped" him, "rifled" through his belongings, and "assaulted" him "inside and outside sexually on camera" on February 3, 2024 and August 16, 2024.[15] He also appears to allege a claim about medical care provided to him in 2013 by the Department of Corrections (DOC); however, that claim is illegible.

In Case 100, Plaintiff alleges that on November 12, 2024, his right to be free from cruel and unusual punishment was violated by Correctional Officer Buttons, who allegedly assaulted Plaintiff with OC spray. Also in Case 100, he alleges that on September 16, 2024, he was supposed to be allowed to use the phone to call his lawyer but the Superintendent denied him access to the phone. Lastly, he alleges that on December 20, 2024, he was trying to call his relatives and his lawyer but Securus telecommunications kept cancelling his phone calls.

In Case 131, Plaintiff alleges that in February 2024 he was arrested on false charges by Anchorage Police Department officers and wrongfully prosecuted by the District Attorney; this claim appears to arise out of a shoplifting charge.[16]

---

[15] Docket 1 at 3, Case 99.

[16] Docket 1-1 Case 131.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 5 of 22

## I.    Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[17]  A complaint that is "verbose, confusing and almost entirely conclusory" violates Rule 8.[18]  While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[19]  A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[20]

Although a court must liberally construe complaints filed by self-represented plaintiffs, it is not required to sift through disorganized, illegible, or incoherent material to construct claims on a litigant's behalf.[21] It is the plaintiff's responsibility to gather and plead the necessary facts to support his claims. Apart from searching Alaska state court dockets on occasion, the Court does not conduct any

---

[17] Fed. R. Civ. P. 8(a)(2).

[18] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[20] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[21] *Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 6 of 22

Case 3:25-cv-00100-SLG    Document 9    Filed 10/21/25    Page 6 of 22

independent research when screening a complaint. **Handwritten filings are permitted, but they must be legible, clearly printed, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.**[22]

None of Plaintiff's allegations against the officials at Goose Creek Correctional Center, the Anchorage Police Department, the Federal Government, or the FBI are sufficient to state a claim. Plaintiff has not provided sufficient facts presented in a clear or organized manner to allow the Court to understand the nature of his claims. Much of Plaintiff's handwriting is illegible, and he has not provided enough facts describing the who, when, where, and how each of the alleged incidents occurred on the dates alleged by Plaintiff in his Complaints. Plaintiff must ensure that any amended complaint or future filing is legible. For these reasons, Plaintiff has failed to state a claim upon which relief may be granted.

## II. Plaintiff's Innocence Claims are Barred by *Heck v. Humphrey*

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its own records and of the Courtview records of the Alaska Trial Courts.[23] A search of the publicly available state court records shows that Plaintiff

---

[22] *See* Local Civil Rule 7.5.

[23] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al*.
Screening Order
Page 7 of 22

Case 3:25-cv-00100-SLG     Document 9     Filed 10/21/25     Page 7 of 22

was charged with felony assault on August 18, 2023 and convicted on a misdemeanor charge of assault in the fourth degree on April 5, 2024.[24] Plaintiff was found guilty of robbery by a jury in this Court on November 15, 2024.[25]

In *Heck v. Humphrey*,[26] the Supreme Court held that a prisoner's damages claims that necessarily implied the invalidity of his conviction or sentence could not be maintained in federal court under Section 1983 unless the prisoner-plaintiff proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[27]

Here, Plaintiff appears to be challenging the validity of certain of his state and federal convictions.[28] He cannot successfully maintain a claim for damages with respect to outstanding valid convictions. Should Plaintiff wish to challenge the

---

proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted.).

[24] Docket 1 at 6, Case 100; *State of Alaska v. Sledge, Joseph Alexander,* Case No. 3AN-23-06120CR (Charge Disposition: Defendant convicted on charge on 04/05/2024).

[25] *United States v. Joseph Alexander Sledge,* Case No. 3:24-cr-00097-TMB-KFR.

[26] 512 U.S. 477 (1994).

[27] *Id.* at 486–87 (citation omitted).

[28] Docket 1, Case 131.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 8 of 22

Case 3:25-cv-00100-SLG     Document 9     Filed 10/21/25     Page 8 of 22

validity of his convictions, he must do by filing a petition for a writ of habeas corpus in a separate case.[29]  He cannot maintain a suit for damages under Section 1983 with respect to a valid conviction. In addition, Plaintiff cannot maintain a writ of habeas corpus in federal court challenging his state court convictions until he has exhausted his state court remedies.[30]  As of the date of this order, the state court records do not show that Plaintiff has appealed his 2023 state criminal case to the Alaska Court of Appeals and the Alaska Supreme Court nor sought post-conviction relief in state court.[31]

Moreover, to the extent Plaintiff seeks to challenge the federal jury determination on November 15, 2024, or sentence yet to be imposed, such a challenge is premature and does not comply with the Federal Rules of Criminal Procedure.

## III.    Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of

---

[29] *Shinn v. Ramirez,* 596 U.S. 366, 375 (2002) ("A state prisoner may request that a federal court order his release by petitioning for a writ of habeas corpus.") (citing 28 U.S.C. § 2254).

[30] *Id.* at 378 ("Ordinarily, a state prisoner satisfies [the state court remedies] exhaustion requirement by raising his federal claim before the state courts in accordance with state procedures.").

[31] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 9 of 22

Case 3:25-cv-00100-SLG    Document 9    Filed 10/21/25    Page 9 of 22

state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[32] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[33] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[34] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[35]

A defendant in a civil rights lawsuit must be a "person."[36] The State of Alaska and state agencies, such as the DOC, are not considered "persons" under 42 U.S.C. § 1983 and therefore must not be listed as a defendant.[37] Likewise, the Federal Bureau of Investigation is not a state actor and is immune from suit.[38] Plaintiff's Complaints improperly name the State of Alaska, the DOC, the FBI, and

---

[32] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[33] *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[34] *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166 (2023).

[35] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[36] 42 U.S.C. §1983.

[37] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[38] *Gerritsen v. Consulado General De Mexico,* 989 F.2d 340, 343 (1993).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 10 of 22

the Federal Government as Defendants.[39]   In any amended complaint, Plaintiff must only name individual officers or agents as defendants.

Further, although Plaintiff alleges violations of federal constitutional rights, including due process, freedom of speech, freedom from cruel and unusual punishment, and state claims of fraud, assault, and wrongful imprisonment, he has not described a specific injury resulting from the conduct of the correctional officers or alleged an affirmative link between the specific injury and the conduct of any individual defendant.[40]   Moreover, Plaintiff has improperly joined multiple Defendants. Joining multiple defendants in one complaint is only proper when the claims are based on the same set of facts.[41] Unrelated incidents that occurred on different dates must not be included in the same complaint;  a separate action must be filed for each such incident.  For these reasons, Plaintiff has failed to adequately state a claim upon which relief may be granted.

## IV.    Fourth Amendment's Prohibition Against Unreasonable Seizures

Case 99 alleges that police officers used excessive force in arresting Plaintiff.  Allegations of excessive force during an investigatory stop or arrest are examined under the Fourth Amendment's prohibition against unreasonable

---

[39] Docket 1, Caswa 99, 100, 131.

[40] *Rizzo*, 423 U.S. at 377.

[41] *See* Fed. R. Civ. P. 18, 20.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 11 of 22

seizures.[42]  Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.[43]  To determine whether force was "reasonable" under the Fourth Amendment, courts must carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[44] In assessing "whether an officer's actions were objectively reasonable, [a court must] consider: '(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion.'"[45]

In assessing the level of force used, courts "assess both 'the risk of harm and the actual harm experienced.' "[46]  "The greater the risk of harm and the actual harm involved, the greater the governmental interest must be to justify the use of

---

[42] *Graham,* 490 U.S. at 394.

[43] *Lombardo v. City of St. Louis,* 594 U.S. 464, 467 (2021). *See also Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (explaining that excessive force must be evaluated based on the totality of circumstances).

[44] *Graham,* 490 U.S. at 396 (internal quotation marks omitted).

[45] *Williamson v. City of Nat'l City,* 23 F.4th 1146, 1151 (9th Cir. 2022) (quoting *Rice v. Morehouse,* 989 F.3d 1112, 1121 (9th Cir. 2021)).

[46] *Sabbe v. Washington Cnty. Board of Comm'rs,* 84 F.4th 807, 821 (9th Cir. 2023) (quoting *Nelson v. City of Davis,* 685 F.3d 867, 879 (9th Cir. 2012)).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 12 of 22

Case 3:25-cv-00100-SLG     Document 9     Filed 10/21/25     Page 12 of 22

force."[47]  The strength of the government's interest in the force used is evaluated by examining three primary factors, commonly referred to as the *Graham* factors: (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight."[48]  These factors, however, are not exclusive.[49]  Courts "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*.'"[50]  The Supreme Court recently noted that "the 'totality of the circumstances' inquiry into a use of force has no time limit. Of course, the situation at the precise time of the [use of force] will often be what matters most; it is, after all, the officer's choice in that moment that is under review. But earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones."[51]

---

[47] *Sabbe,* 84 F.4th at 821.

[48] *Glenn v. Washington Cnty.,* 673 F.3d 864, 872 (9th Cir. 2011) (quoting *Graham*, 490 U.S. at 396).

[49] *See Bryan v. MacPherson,* 630 F.3d 805, 826 (9th Cir. 2010).

[50] *Id.* (quoting *Franklin v. Foxworth,* 31 F.3d 873, 876 (9th Cir.1994)). *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.25 and the cases cited therein.

[51] *Barnes v. Felix,* 605 U.S. 73 (2025) (holding that "moment-of-threat" rule conflicts with necessary inquiry into totality of the circumstances for assessing reasonableness of use of force).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 13 of 22

Plaintiff may file an amended complaint in Case 99 in which he identifies the officers that he alleges "kidnapped" him on February 3, 2024 and used excessive force against him. If he does not know the name of a particular officer, he may identify that officer as John Doe; but he must clearly allege what each officer did in the course of arresting him that he is asserting constituted excessive force. If Plaintiff seeks to also allege that excessive force was used against him on August 16, 2024, he must file that claim in a separate complaint in a new case; because that allegation relates to a separate incident, any such claim must not be included in Case 99.

## V.     Eighth Amendment's Cruel and Unusual Punishment Clause

In Case 100, Plaintiff alleges that CO Buttons used excessive force against him by deploying OC spray into his cell.

In a Section 1983 civil rights complaint, a convicted prisoner may be able to state a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause for injuries sustained while in custody.[52] To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements: (1) the plaintiff faced a faced a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that risk, that is, the defendant knew of it

---

[52] Plaintiff was a convicted prisoner when the alleged events in Case 99 occurred, and therefore, his claims would be brought under the Eighth Amendment. Docket 1 at 3, Case 99.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 14 of 22

Case 3:25-cv-00100-SLG     Document 9     Filed 10/21/25     Page 14 of 22

and disregarded it by failing to take reasonable measures to address it; and (3) the defendant's act or failure to act caused harm to the plaintiff.[53]

Plaintiff may file an amended complaint in Case 100 against Officer Buttons to try to sufficiently plead facts to support a claim for a constitutional violation and resultant alleged injuries sustained in custody pursuant to the Eighth Amendment's Cruel and Unusual Punishment Clause. Plaintiff must not include in any amended complaint for Case 100 any claim against the Superintendent regarding a missed phone call in September 2024; if Plaintiff wishes to pursue that claim, it must be in a separate complaint in a new case. Likewise, any claim regarding phone access on December 20, 2024 must not be included in Case 100.

## V. Plaintiff's Miscellaneous Motions

Plaintiff filed two motions requesting the return of documents.[54] However, the Court does not routinely make copies of court filings and return the originals to a litigant. Plaintiff is responsible for making his own copies. Consequently, Plaintiff's motions regarding the return of documents are DENIED.

Plaintiff also filed a motion for subpoena and two motions requesting the Court to compel witness testimony at Dockets 6 and 7 in Case 100. These motions

---

[53] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[54] Docket 8, Case 100; Docket 5, Case 131.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 15 of 22

are premature and are DENIED as moot.

## VI.    Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[55]   Any

claim not included in the amended complaint will be considered waived. A

complaint need only to allege sufficient factual matter, accepted as true, to state a

plausible claim for relief.[56]   A claim is "plausible" when the facts alleged support a

reasonable inference that the plaintiff is entitled to relief from a specific defendant

for specific misconduct. Although Plaintiff is being given an opportunity to file an

amended complaint, he must not expand the scope of any case by alleging new

unrelated parties or claims. An amended complaint must not include any claims or

defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified

claims. If handwritten, it must be legible. Each claim must identify the specific injury

that the plaintiff is alleging has occurred, when that injury occurred, where that

injury occurred, and who the plaintiff is alleging caused that specific injury. In

addition, the allegations of the amended complaint must be set forth in sequentially

numbered short paragraphs, with no paragraph number being repeated anywhere

---

[55] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[56] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 16 of 22

in the complaint.[57]  Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint in one or more of these three cases, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

In any case in which Plaintiff does not file either an Amended Complaint or a Notice of Voluntary Dismissal on the Court's form, that case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and the case is closed, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[58]

## VI.    Three Strikes Rule

---

[57] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[58] *Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. 2025).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 17 of 22

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[59] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[60] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[61] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[62] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[63] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[64]

**IT IS THEREFORE ORDERED:**

---

[59] 28 U.S.C.A. § 1915(g).

[60] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[61] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[62] *Andrews,* 493 F.3d at 1056 (cleaned up).

[63] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[64] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 18 of 22

1.      Plaintiff's Complaint in each of the three above-captioned cases **is DISMISSED for failure to state a plausible claim.**

2.      Plaintiff's claims challenging the validity of Plaintiff's convictions are **DISMISSED without leave to amend and must not be brought in an amended complaint in a Section 1983 damages action.**

3.      In each case, Plaintiff is accorded **60 days** from the date of this order to file either:

   a.   <u>First Amended Complaint</u>, in which Plaintiff revises his Complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b.   <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4.      **If an amended complaint is handwritten, it must be LEGIBLE.**

5.      In each case in which Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 19 of 22

Case 3:25-cv-00100-SLG     Document 9     Filed 10/21/25     Page 19 of 22

the date of this order**,** that case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) **as a strike and without further notice** to Plaintiff, for failure to state a claim.

6.    A Notice of Voluntary Dismissal does not count as a strike.[65]

7.    In each case, Plaintiff's application to waive *prepayment* of the filing fee is **GRANTED.**

8.    Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. **Prisoners must pay the entire filing fee of $405, or, if a motion to waive prepayment is granted, must pay the filing fee for each amended complaint incrementally until paid in full of the prisoner's trust account, regardless of the outcome of the action.[66] When an application to waive prepayment of the filing fee is granted, the administrative fee is not collected, but the filing fee of $350 is collected for each case from the prisoner's trust account, regardless of the outcome of the action.** Should Plaintiff proceed with his lawsuit(s), the Court will issue a separate order for the collection of the filing fee from the prisoner trust account for each lawsuit filed by Plaintiff.

9.    If Plaintiff is released from custody while any of these cases remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of

---

[65] *Spencer,* 140 F.4th at 1066.

[66] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 20 of 22

Case 3:25-cv-00100-SLG    Document 9    Filed 10/21/25    Page 20 of 22

his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[67] Failure to comply may result in dismissal.

10.    For the reasons set forth herein, **ALL PENDING MOTIONS** in these three cases are **DENIED**.

11.    Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[68] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

12.    At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[69] The Notice shall not include requests for any other relief.

---

[67] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms/.

[68] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[69] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 21 of 22

Case 3:25-cv-00100-SLG    Document 9    Filed 10/21/25    Page 21 of 22

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

13.    With this order, the Clerk is directed to send: (1) three copies of form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) three copies of form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 20th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Screening Order
Page 22 of 22

Case 3:25-cv-00100-SLG    Document 9    Filed 10/21/25    Page 22 of 22