# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSEPH ALEXANDER SLEDGE,

        Plaintiff,

    v.

CORRECTIONAL OFFICER
BUTTONS, et al.,

        Defendants.

Case No. 3:25-cv-00100-SLG

## THIRD SCREENING ORDER

On March 20, 2026, the Court issued a Second Screening Order in this case filed by self-represented prisoner Joseph Alexander Sledge (Plaintiff). On March 30, 2026, Plaintiff filed a Second Amended Complaint (SAC).[1] On April 9, 2026, Plaintiff filed a Notice of Change of Address,[2] and on April 14, 2026, Plaintiff filed a Notice of Appeal.[3] On May 29, 2026, the Ninth Circuit Court of Appeals issued an order dismissing Plaintiff's appeal for lack of jurisdiction.[4] Accordingly, the Court has now screened the SAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

Upon review, the Court finds that the SAC fails to state sufficient facts that, accepted as true, would establish a plausible claim for relief. Additionally, Plaintiff failed to correct the deficiencies identified in the Screening Order. Although a

---

[1] Docket 23.

[2] Docket 24.

[3] Docket 25.

[4] Docket 28.

"district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint[,]"[5] Plaintiff is accorded one final opportunity to file a Third Amended Complaint, to be filed no later than **60 days from the date of this order**.

## I. Plaintiff's claims against FBI Agent Harkess and the APD

The SAC brings claims against FBI Agent Robert Harkless, Correctional Officer (CO) Buttons, and the Anchorage Police Department (APD) as Defendants.[6] The Second Screening Order accorded Plaintiff leave to file an amended complaint in this case, but only as to Plaintiff's excessive force claim against CO Buttons for allegedly spraying Plaintiff with pepper spray.[7] Although Plaintiff appears to acknowledge that his claims against Agent Harkless and the APD were dismissed in other cases,[8] the SAC improperly names Agent Harkless and the APD as defendants. Because these claims are outside the scope of the leave to amend that was accorded, Plaintiff's claims against FBI Agent Robert Harkless and the Anchorage Police Department must be dismissed. Plaintiff must

---

[5] *City of Los Angeles v. San Pedro Boat Works,* 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989)). *See also Williams v. California,* 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile.").

[6] Docket 1 at 1-5.

[7] Case 100, Docket 11.

[8] Docket 23 at 7.

not include claims against the FBI, APD, or any of their agents or officers in an amended complaint.

## II. The SAC fails to state a plausible claim against CO Buttons

As with his previous filings, Plaintiff's handwritten claims in the SAC are barely legible. But it appears that Plaintiff is alleging that sometime in November or December 2024, CO Buttons sprayed him with OC Spray after Plaintiff threw his food tray at the bulletproof window in his cell.[9] Plaintiff claims the OC spray caused "a heart attack and oxygen loss."[10] But Plaintiff does not describe the events that transpired—how close the spray was, how long he was sprayed, any subsequent decontamination procedures—the extent of his injuries, or whether he requested treatment for those injuries. Plaintiff did not include any medical records to support his alleged injuries, and it seems implausible that pepper spray caused a heart attack.

A convicted prisoner may bring an excessive force claim under the Eighth Amendment's Cruel and Unusual Punishment Clause for injuries sustained while in custody. But to prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements: (1) the defendant used excessive and unnecessary force under all of the circumstances; (2) the defendant acted maliciously and sadistically for the purpose of causing harm, and not in a

---

[9] Docket 24.

[10] Docket 23 at 4.

Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons*
Third Screening Order
Page 3 of 5

good faith effort to maintain or restore discipline, and the act of the defendant caused harm to plaintiff.[11]

Here, because Plaintiff's Complaint fails to provide enough facts to plausibly allege that the use of the pepper spray was excessive, Plaintiff fails to state a claim against CO Buttons. Although allowing yet another opportunity to file an amended complaint may well be futile, the SAC is DISMISSED with leave to file an amended complaint as to only his excessive force claim against CO Buttons for allegedly spraying Plaintiff with pepper spray. **If all or part of an amended complaint is handwritten, it must be legible**. In an amended complaint, Plaintiff must only name CO Buttons; he must not name any other defendants.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Second Amended Complaint at Docket 23 **is DISMISSED** with leave to file an amended complaint.

2. If Plaintiff does not file either a Third Amended Complaint or Notice of Voluntary Dismissal **within 60 days** from the date of this order, this case shall be dismissed as a "strike" without further notice to Plaintiff.

---

[11] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.29 and the cases cited therein.

3.      With this order, the Clerk is directed to send: (1) form PS01, with "THIRD AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) Notice of Change of Address.

DATED this 27th day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons*
Third Screening Order
Page 5 of 5
Case 3:25-cv-00100-SLG      Document 29      Filed 07/27/26      Page 5 of 5